MELANIE D. MORGAN, ESQ.
Nevada Bar No. 8215
CHRISTINE M. PARVAN, ESQ.
Nevada Bar No. 10711
MILES N. CLARK, ESQ.
Nevada Bar No. 13848
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, NV 89144
Telephone:  (702) 634-5000
Facsimile:  (702) 380-8572
Email:  melanie.morgan@akerman.com
           christine.parvan@akerman.com
           **ASSOCTBD**@akerman.com

*Attorneys for U.S. Bank National Association, as Trustee for the Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates Series 2007-BC1*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE SPECIALTY UNDERWRITING AND RESIDENTIAL FINANCE TRUST MORTGAGE LOAN ASSET-BACKED CERTIFICATES SERIES 2007-BC1<br><br>Plaintiff,<br>vs.<br><br>WASHINGTON & SANDHILL HOMEOWNERS ASSOCIATION; AND SFR INVESTMENTS POOL 1, LLC<br><br>Defendants. | Case No.:<br><br>**COMPLAINT** |

Plaintiff U.S. Bank National Association, as Trustee for the Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates Series 2007-BC1 (**U.S. Bank**) complains as follows:

**PARTIES AND JURISDICTION**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  U.S. Bank is a citizen of Ohio and on information and belief none of the defendants is a citizen of Ohio. The amount in controversy exceeds $75,000.

1

2. U.S. Bank is a national banking association. Its headquarters and primary office are in Cincinnati, Ohio. U.S. Bank is a citizen of Ohio for purposes of diversity jurisdiction. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). The diversity of citizenship requirement is met. *See Carolina Casualty Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082 (9th Cir. 2014). Defendants Washington & Sandhill Homeowners Association (**Washington & Sandhill**) and SFR Investments Pool 1, LLC (**SFR**) are on information and belief not citizens of Ohio. The amount in controversy requirement is met. U.S. Bank seeks a declaration that its deed of trust, which secures a loan with a principal balance of $224,000.00, was not extinguished by a homeowner's association non-judicial foreclosure sale that is the basis for SFR's claim to title to the real property sub judice.

3. Defendant Washington & Sandhill is, on information and belief, a Nevada non-profit corporation with its principal place of business in Nevada. U.S. Bank is informed and believes and therefore alleges Washington & Sandhill is the purported beneficiary under an alleged homeowners' association lien recorded July 22, 2010. U.S. Bank is informed and believes and therefore alleges HOA foreclosed on the lien on September 25, 2013.

4. Defendant SFR is, on information and belief, a Nevada limited liability company. On information and belief, SFR's sole member is SFR Investments, LLC, also a Nevada limited liability company. On information and belief, SFR Investment's LLC's sole member is SFR Funding, LLC, a Delaware limited liability company. On information and belief, SFR Funding, LLC's sole member is Xiemen Limited Partnership, a Canadian limited partnership. On information and belief, Xiemen Limited Partnership is comprised of two partners: Xiemen Investments, Ltd. and John Gibson. On information and belief, Xiemen Investments, Ltd. is a Canadian corporation and John Gibson is domiciled in South Africa. U.S. Bank is informed and believes and therefore alleges SFR purchased the property at the HOA foreclosure sale, purportedly acquiring title via a trustee's deed upon sale recorded October 1, 2013.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 for reasons stated above.

6. Venue is proper in this Court under 28 U.S.C. § 1391. The property that is the subject of this action is located at 920 Villa Crest court, Las Vegas, NV 89110 (**the property**).

2

Venue is proper in this Court under 28 U.S.C. § 1391(1) and (2) because this action seeks to determine an interest in property located within Clark County, Nevada and because this lawsuit arises out of a foreclosure of real property located within Nevada.

7.  The pre-litigation dispute resolution process set forth in NRS 38.300 *et seq.* is not applicable to this action and cannot restrict the jurisdiction of this court. To the extent any requirement of the statute is applicable to any portion of the claims asserted herein, that requirement has been constructively exhausted and further resort to administrative remedies would be futile because U.S. Bank submitted a demand for mediation to Nevada Real Estate Division (**NRED**) on or about September 23, 2015, but NRED has failed to schedule the mediation in the time period required by NRS 38.330(1).

## GENERAL ALLEGATIONS

8.  Under Nevada state law, homeowners' associations have the right to charge property owners residing within the community assessments to cover the homeowners' associations' expenses for maintaining or improving the community, among other things.

9.  When these assessments go unpaid, the association may impose a lien and then foreclose on a lien if the assessments remain unpaid.

10. NRS Chapter 116 generally provides a non-judicial foreclosure scheme for a homeowners' association to conduct a non-judicial foreclosure where the unit owner fails to pay its monthly assessments.

11. NRS 116.3116 makes a homeowners' association lien for assessments junior to a first deed of trust beneficiary's secured interest in the property, with one limited exception: a homeowners' association lien is senior to a first deed of trust beneficiary's secured interest "to the extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien[.]" NRS 116.3116(2)(c).

3

### The Deed of Trust and Assignment

12. On or about March 29, 2000, Norma Martinez (**Martinez**) purchased the property. Five years later, on or about January 4, 2005, Martinez transferred her interest in the property to herself and Maunel Castaneda Gonzalez (**Gonzalez**) (collectively, the **borrowers**). The borrowers refinanced the property by way of a loan in the amount of $224,000.00 evidenced by a note and secured by a deed of trust (the **senior deed of trust**) recorded September 29, 2007. A true and correct copy of the senior deed of trust is recorded with the Clark County Recorder as **Instrument No. 200709290002291**.

13. The senior deed of trust was assigned to U.S. Bank via an assignment of deed of trust. A true and correct copy of the assignment is recorded with the Clark County Recorder as **Instrument No. 200907010000143**.

### The HOA Lien and Foreclosure

14. On July 22, 2010, Washington & Sandhill, through its agent, Alessi & Koenig, LLC (**Alessi**) recorded a notice of delinquent assessment lien. Per the notice, the amount due to Washington & Sandhill was $667.00, of which "$617.00 represent[s] Collection and/or Attorney fees, assessments, interest, late fees and service charges [and] $50.00 represent[s] collection costs." A true and correct copy of the notice of lien is recorded with the Clark County Recorder as **Instrument No. 207007220003790**.

15. On May 11, 2011, Washington & Sandhill, through its agent Alessi, recorded a notice of default and election to sell to satisfy the delinquent assessment lien. The notice states the amount due to Washington & Sandhill was $2,802.00, but does not specify whether it includes dues, interest, fees and collection costs in addition to assessments. A true and correct copy of the notice of default is recorded with the Clark County Recorder as **Instrument No. 201105110002252**. The notice of default also does not specify the super-priority amount claimed by Washington & Sandhill and fails to describe the "deficiency in payment" required by NRS 116.31162(1)(b)(1).

16. On August 30, 2013, Washington & Sandhill, through its agent Alessi, recorded a notice of trustee's sale. The trustee's sale was scheduled for September 25, 2013. The notice states the amount due to Washington & Sandhill was $5,169.98, which includes "reasonable estimated

costs, expenses and advances at the time of the initial publication of the Notice of Sale." A true and correct copy of the notice of sale is recorded with the Clark County Recorder as **Instrument No. 201308300001084**. The notice of sale does not identify the super-priority amount claimed by Washington & Sandhill and fails to describe the amount necessary to satisfy the lien required by NRS 116.311635(3)(a).

17. In none of the recorded documents nor in any notice did Washington & Sandhill or its agent provide notice of the purported super-priority lien amount, where to pay the amount, how to pay the amount, or the consequences for failure to do so.

18. In none of the recorded documents did Washington & Sandhill or its agent identify the amount of the alleged lien that was for late fees, interest, fines/violations or collection fees/costs.

19. In none of the recorded documents nor in any notice did Washington & Sandhill or its agent specify whether it was foreclosing on the super-priority portion of its lien, if any, or on the sub-priority portion of its lien.

20. In none of the recorded documents nor in any notice did Washington & Sandhill or its agent specify the senior deed of trust would be extinguished by Washington & Sandhill's foreclosure.

21. In none of the recorded documents nor in any notice did Washington & Sandhill or its agent identify any way by which the beneficiary under the senior deed of trust could satisfy the super-priority portion of Washington & Sandhill's claimed lien.

22. On information and belief, had U.S. Bank or anyone else attempted to tender the amounts due under Washington & Sandhill's claimed lien, Washington & Sandhill or its agent would have rejected the attempted tender.

23. Washington & Sandhill foreclosed on the property on or about September 25, 2013. A foreclosure deed in favor of SFR was recorded October 1, 2013. A true and correct copy of the foreclosure deed is recorded with the Clark County Recorder as **Instrument No. 201310010000140**.

24. Upon information and belief, Alessi wrote in the foreclosure deed that the sale price at the September 25, 2013 foreclosure sale was $8,400.00. Washington & Sandhill's sale of the property to SFR for less than four percent of the value of the unpaid principal balance on the senior

deed of trust, and, on information and belief, for a similarly diminutive percentage of the property's fair market value, is commercially unreasonable and not in good faith as required by NRS 116.1113.

## FIRST CAUSE OF ACTION

### (Quiet Title/Declaratory Judgment Against All Defendants)

25. U.S. Bank repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

26. Pursuant to 28 U.S.C. § 2201 and NRS 30.040 *et seq.*, this Court is empowered to declare the rights of parties and other legal relations of parties regarding the property.

27. An actual controversy has arisen between U.S. Bank and defendants regarding the property. The senior deed of trust is a first secured interest on the property. As a result of the September 25, 2013 HOA foreclosure sale, SFR claims an interest in the property, and on information and belief, asserts SFR owns the property free and clear of the senior deed of trust.

28. U.S. Bank's interest in the senior deed of trust encumbering the property constitutes an interest in real property.

29. U.S. Bank is entitled to a declaration that Washington & Sandhill's foreclosure did not extinguish the senior deed of trust, or, alternatively, Washington & Sandhill's foreclosure is void.

*NRS Chapter 116 Violates U.S. Bank's Right to Procedural Due Process*

30. U.S. Bank asserts Chapter 116 of the Nevada Revised Statutes' scheme of HOA super priority non-judicial foreclosure violates U.S. Bank's procedural due process rights under the state and federal constitutions.

31. The Fourteenth Amendment of the United States Constitution and Article 1, Sec. 8, of the Nevada Constitution protect U.S. Bank from being deprived of its deed of trust in violation of procedural due process guarantees of notice and an opportunity to be heard.

32. U.S. Bank asserts there is no way to apply Nevada's scheme of non-judicial HOA super priority foreclosure that complies with Nevada and the United States' respective guarantees of procedural due process.

33. The Nevada Constitution does not expressly set forth a state action requirement. Even if it did, and consistent with the state action requirements of the Federal

Constitution, the state of Nevada has become sufficiently intertwined with HOA foreclosure such that state and federal procedural due process protections for U.S. Bank's deed of trust apply, to wit:

    a)      The super priority lien did not exist at common law, but rather is imposed by statute.

    b)      In order to conserve governmental resources and fund the quasi-governmental HOA, Nevada's legislature made super priority mandatory, expanded the super-priority duration from six to nine months, and declared it could not contractually subordinate its lien by provisions within a HOA's covenants, conditions, and restrictions..

    c)      The super priority lien has no nexus whatsoever to a private agreement between the Washington & Sandhill and U.S. Bank, but, again, is imposed by legislative enactment.

    d)      Nevada and Clark County mandated the creation of Washington & Sandhill as a quasi-governmental entity to perform governmental functions including maintaining the common open spaces and private streets within the Washington & Sandhill community.

34.      Since the state of Nevada is responsible for the creation of the super priority lien and has made it mandatory, then the state of Nevada's HOA super priority foreclosure scheme is the result of state action subject to procedural due process safeguards.

35.      On its face, Nevada's scheme of non-judicial HOA super priority foreclosure lacks any pre-deprivation notice requirements or post deprivation redemption options that are necessary components of due process:

    a)      NRS 116.31162 and NRS 116.311635 do not require an HOA provide U.S. Bank with written notice of the sum that constitutes the super priority portion of the assessment lien.

    b)      Chapter 116 of NRS seeks to insulate its scheme of super priority non-judicial foreclosure by failing to provide any post-sale right of equity or redemption..

    c)      Chapter 116 of NRS fails to provide U.S. Bank with a statutorily enforceable mechanism to compel an HOA to inform U.S. Bank of the sum of the HOA super priority amount.

36. U.S. Bank requests that this Court void the HOA foreclosure sale or declare that SFR's title was acquires subject to the senior deed of trust because NRS 116's scheme of HOA super priority foreclosure violates the procedural process clauses of the Fourteenth Amendment of the United States Constitution and Article 1, Sec. 8, of the Nevada Constitution.

*Additional Reasons the HOA Foreclosure Sale Did Not Extinguish the Senior Deed of Trust*

37. The HOA sale is void or did not extinguish the senior deed of trust for additional reasons stated below.

38. The foreclosure sale did not extinguish the senior deed of trust because the recorded notices, even if they were in fact provided, failed to describe the lien in sufficient detail as required by Nevada law, including, without limitation: whether the deficiency included a "super-priority" component, the amount of the super-priority component, how the super-priority component was calculated, when payment on the super-priority component was required, where payment was to be made or the consequences for failure to pay the super-priority component. Alternatively, the foreclosure sale is void.

39. The foreclosure sale did not extinguish the senior deed of trust because, on information and belief, Washington & Sandhill or its agent would have rejected any tender of the amounts entitled to super-priority and U.S. Bank or its predecessors in interest were not required to make a futile attempt to tender. Alternatively, the foreclosure sale is void.

40. The foreclosure sale did not extinguish the senior deed of trust because the sale was commercially unreasonable or otherwise failed to comply with the good faith requirement of NRS 116.1113 in several respects, including, without limitation, the lack of sufficient notice, the sale of the property for a fraction of the loan balance or actual market value of the property, a foreclosure that was not calculated to promote an equitable sales prices for the property or to attract proper prospective purchasers, and a foreclosure sale that was designed or intended to result in maximum profit for Washington & Sandhill, its agent, and SFR at the sale without regard to the rights and interest of those who have an interest in the loan and made the purchase of the property possible in the first place. Alternatively, the foreclosure sale is void.

41. The foreclosure sale did not extinguish the senior deed of trust because otherwise the

8

sale would violate U.S. Bank's rights to due process, as a result of Washington & Sandhill's failure to provide sufficient notice of the super-priority component of Washington & Sandhill's lien, the manner and method to satisfy it, and the consequences for failing to do so.  Alternatively, the foreclosure sale is void.

42. The foreclosure sale did not extinguish the senior deed of trust because otherwise the sale would violate U.S. Bank's rights to due process, as a result of Washington & Sandhill's improper calculation of the super-priority component, and its inclusion of charges that are not part of the super-priority lien under Nevada law.  Alternatively, the foreclosure sale is void.

43. The foreclosure sale did not extinguish the senior deed of trust because SFR does not qualify as a bona fide purchaser for value, because it was aware of, or should have been aware of, the existence of the senior deed of trust and the commercial unreasonableness of the HOA sale.  Alternatively, the foreclosure sale is void.

44. U.S. Bank is entitled to a declaration, pursuant to 28 U.S.C. § 2201, NRS 30,040, and NRS 40.010, that the HOA sale did not extinguish the senior deed of trust.

45. U.S. Bank was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION

**(Breach of NRS 116.1113 against Washington & Sandhill)**

46. U.S. Bank repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

47. NRS 116.1113 and common law provide that every contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement.

48. Washington & Sandhill's recorded CC&Rs contain a mortgage protection clause which represents Washington & Sandhill's entire lien will be subordinate to the senior deed of trust.

49. NRS Chapter 116 requires Washington & Sandhill and its agent Alessi to comply with the obligations of the CC&Rs, including the mortgage protection clause.

50. In making the representation in the CC&Rs that its lien would be subordinate to a senior deed of trust, Washington & Sandhill undertook a duty to inform lenders and loan servicers

9

like U.S. Bank that its representation regarding the priority of liens in the CC&Rs was false, and to give U.S. Bank a reasonable opportunity to protect their interests in the property.

51. Washington & Sandhill also undertook a duty to identify the super-priority amount to lenders and loan servicers like U.S. Bank, to notify it that its security interest was at risk, and to provide an opportunity to satisfy the super-priority amount to protect its security interest in the property.

52. Washington & Sandhill and its agent Alessi breached their duty of good faith by not complying with the obligations in the CC&Rs that its lien would be subordinate to the senior deed of trust, by not informing U.S. Bank that its representation in the CC&Rs regarding the priority of liens was false, by not identifying the super-priority amount of its lien for U.S. Bank, by not notifying U.S. Bank that its security interest was at risk, and by obstructing U.S. Bank's ability to protect its security interest in the property.

53. If it is determined Washington & Sandhill's sale extinguished the senior deed of trust notwithstanding the deficiencies, violations, and improper actions described herein, Washington & Sandhill's and its agent Alessi's breach of its obligation of good faith will cause U.S. Bank to suffer general and special damages in the amount equal to the fair market value of the property or the unpaid principal balance of the loan at issue, plus interest, at the time of the HOA sale, whichever is greater.

54. U.S. Bank was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION

**(Wrongful Foreclosure against Washington & Sandhill)**

55. U.S. Bank repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

56. To the extent defendants contend or the Court concludes Washington & Sandhill's foreclosure sale extinguished the senior deed of trust, the foreclosure was wrongful.

57. Because Washington & Sandhill and its agent Alessi failed to give adequate notice and an opportunity to cure the deficiency, the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

58. Because Washington & Sandhill and its agent Alessi sold the property for a grossly inadequate amount, compared to the value of the property and amount of outstanding liens defendants contend were extinguished by the foreclosure sale, the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

59. Because Washington & Sandhill and its agent Alessi violated the representation in the CC&Rs that its lien would be subordinate to a senior deed of trust, the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

60. Because Washington & Sandhill and its agent Alessi violated the good faith requirements of NRS 116.1113, the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

61. If it is determined Washington & Sandhill's foreclosure sale extinguished the senior deed of trust notwithstanding the deficiencies, violations, and improper actions described herein, Washington & Sandhill's and its agent Alessi's actions will cause U.S. Bank to suffer general and special damages in the amount equal to the fair market value of the property or the unpaid principal balance of the loan at issue, plus interest, at the time of the sale, whichever is greater.

62. U.S. Bank was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
### (Injunctive Relief against SFR)

63. U.S. Bank repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

64. U.S. Bank disputes SFR's claim it owns the property free and clear of the senior deed of trust.

65. Any sale or transfer of the property by SFR, prior to a judicial determination concerning the respective rights and interests of the parties to this case, may be rendered invalid if

1  the senior deed of trust still encumbers the property in first position and was not extinguished by the
2  HOA sale.

3  66.  U.S. Bank has a substantial likelihood of success on the merits of the complaint, and
4  damages would not adequately compensate for the irreparable harm of the loss of title to a bona fide
5  purchaser or loss of the first position priority status secured by the property.

6  67.  U.S. Bank has no adequate remedy at law due to the uniqueness of the property
7  involved in this case and the risk of the loss of the senior security interest.

8  68.  U.S. Bank is entitled to a preliminary injunction prohibiting SFR, or its successors,
9  assigns, or agents, from conducting any sale, transfer, or encumbrance of the property that is claimed
10  to be superior to the senior deed of trust or not subject to the senior deed of trust.

11  69.  U.S. Bank is entitled to a preliminary injunction requiring SFR to pay all taxes,
12  insurance and homeowner's association dues during the pendency of this action.

## **PRAYER FOR RELIEF**

U.S. Bank requests the Court grant the following relief:

1. An order declaring SFR purchased the property subject to U.S. Bank's senior deed of trust;

2. In the alternative, an order the HOA foreclosure sale, and any resulting foreclosure deed, was void *ab initio*;

3. In the alternative, an order requiring Washington & Sandhill to pay U.S. Bank all amounts by which it was damaged as a result of Washington & Sandhill's wrongful foreclosure or violation of the good faith provisions of NRS 116.1113;

4. A preliminary injunction prohibiting SFR, its successors, assigns, or agents from conducting any sale, transfer, or encumbrance of the property that is claimed to be superior to the senior deed of trust or not subject to the senior deed of trust;

5. A preliminary injunction requiring SFR to pay all taxes, insurance, and homeowner's association dues during the pendency of this action;

6. Reasonable attorneys' fees as special damages and the costs of suit; and

7. For such other and further relief the Court deems proper.

DATED July 7, 2016.

      **AKERMAN LLP**

      */s/  Melanie D. Morgan*

      MELANIE D. MORGAN, ESQ.
      Nevada Bar No. 8215
      CHRISTINE M. PARVAN, ESQ.
      Nevada Bar No. 10711
      MILES N. CLARK, ESQ.
      Nevada Bar No. 13848
      1160 Town Center Drive, Suite 330
      Las Vegas, Nevada 89144
      *Attorneys for Plaintiff U.S. Bank National Association, as Trustee for the Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates Series 2007-BC1*

**AKERMAN LLP**
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572